UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHENGXIA SNELSON and
JAMES SNELSON,

Defendants.
_____________________________/

No. 1:26-cr-118

Hon. PAUL L. MALONEY
United States District Judge

**ORDER**

Upon the Motion of the United States, this matter is before the Court on a request to certify this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). Under the Speedy Trial Act, trial of a defendant charged in an indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Nonetheless, this Court may schedule a trial beyond the 70-day time limit of the Speedy Trial Act where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether the ends of justice are so served, this Court shall consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Under this standard, this case is sufficiently complex to render a trial date outside the normal Speedy Trial limits appropriate.

In this case, the defendants are charged in a two-count indictment alleging conspiracy to travel interstate and to use a means and facility of interstate commerce with intent to distribute the proceeds of unlawful activity (Count 1), as well as the management of an unlicensed money transmitting business (Count 2).

The government has advised the Court that this case will involve voluminous discovery, thousands of pages of financial records, audio and video recordings of Title III wire intercepts, approximately 48 terabytes of surveillance camera footage, the seizure of dozens of cell phones, and the seizure of other physical assets collected from at least 23 different locations in multiple jurisdictions. Moreover, meaningful portions of this evidence consist of information written that is either written or spoken in a foreign language, which may require independent translation.

Based on these representations, the Court finds that full discovery production and preparation for trial will be sufficiently time-consuming to render it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Accordingly, it is hereby:

**ORDERED** that this case be designated as complex and that the ends of justice are best served by scheduling a trial beyond the 70-day deadline established by the

Speedy Trial Act.

DATE: November 23, 2026

/s/ Paul L. Maloney
PAUL L. MALONEY
United States District Judge